UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDDIE HERNANDEZ,

    Plaintiff,

    v.

57 DEGREES NORTH, LLC, *et al.*,

    Defendants.

Case No. C06-1098L

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for partial summary judgment filed by plaintiff Eddie Hernandez. (Dkt. #17). Plaintiff alleges that he was injured while working aboard the vessel of his employer, defendant 57 Degrees North, LLC ("57 Degrees"). Plaintiff seeks an order establishing that 57 Degrees is liable for his injuries. Plaintiff has not moved against the other defendants, the vessel and R&B Fisheries, Inc.

For the reasons set forth in this order, the Court denies the motion.

## II. DISCUSSION

**A.    Background Facts.**

Plaintiff alleges that he was injured while working aboard the F/V Ballyhoo off the

coast of Alaska in the Bering Sea on October 15, 2003.  On that day, plaintiff was working as a vessel engineer.  He was lying on his back inside a crab pot hanging bait.  His legs were outside the crab pot.  Other crab pots "stood nearby on end like slices of bread."  Declaration of John Congalton, (Dkt. #17), Ex. 1 (requests for admissions).  Without warning, the next pot in line, weighing approximately 750 pounds, fell over due to a vessel roll and struck both of his legs.  Id.

The vessel's prevailing safety practices required that all crab pots be properly secured with tie-down straps or otherwise to prevent them from falling.  The crab pot that struck plaintiff was not tied down, even though it was feasible to do so.  One or more members of the crew had untied or removed the tie-down strap(s) from the crab pot that struck plaintiff.  It was not plaintiff's duty or responsibility to properly secure the crab pot or ensure that others had done so.

Plaintiff alleges claims for negligence under the Jones Act, 46 U.S.C. § 688, and for unseaworthiness.  Plaintiff filed his complaint on August 3, 2006.  Trial is set for December 3, 2007.

**B.    Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact."  Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.    The Jones Act.**

Under the Jones Act, the basis for a ship owner's liability is grounded in negligence; the mere fact of injury will not suffice.  The quantum of evidence necessary to support a finding of Jones Act negligence is less than that required for common law negligence: "a seaman must demonstrate only that his employer's negligence played any part, even the slightest, in producing his injury" to sustain a finding of liability.  Ribitzki v. Canmar Reading & Bates, Ltd. P'ship, 111 F.3d 658, 662 n.3 (9th Cir. 1997). Nevertheless, plaintiff has the burden of establishing all four elements of a Jones Act claim, namely duty, breach, notice, and causation.  Havens v. F/T POLAR MIST, 996 F.2d 215, 218 (9th Cir. 1993).  The notice element requires some evidence that the employer had notice of the unsafe condition and the opportunity to correct it.  See, e.g., id.

In this case, plaintiff has provided no evidence that 57 Degrees had notice and an opportunity to correct the unsafe condition.  He argues that notice is not necessary, but he has not provided any authority to support his position.[1]  Furthermore, the factual record is insufficiently developed to find negligence as a matter of law.  Accordingly, summary judgment is not warranted on plaintiff's Jones Act claim.

**D.    Unseaworthiness.**

A vessel is unseaworthy if the ship, its appurtenances and equipment, or its crew is not reasonably fit for its intended use.  See, e.g., Usner v. Luckenbach Overseas Corp.,

---

[1] Plaintiff cites to 2 M. Norris, Law of Seaman § 30:4 at p. 333 (4th ed. 1985) to support his argument that a seaman asserting a Jones Act claim based on the negligence of a co-worker need not provide evidence that his employer had notice or an opportunity to correct the situation.  The cited Norris treatise has been superceded.  Regardless, it does not state that notice is not required.

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3

400 U.S. 494, 499 (1971).  Although the shipowner's duty to provide a seaworthy vessel is absolute (*i.e.*, actual knowledge, constructive knowledge, or negligence need not be proven), the duty does not require that the shipowner provide an accident-free ship, just one that is reasonably fit for its intended service.  See, e.g., Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550 (1960).  To establish a claim for unseaworthiness, a seaman must establish: (1) the warranty of seaworthiness extended to him and his duties; (2) his injury was caused by a piece of the ship's equipment or an appurtenant appliance; (3) the equipment used was not reasonably fit for its intended use; and (4) the unseaworthy condition proximately caused his injuries.  Ribitzki, 111 F.3d at 664.

   Plaintiff's theory of unseaworthiness is unclear.  His memoranda states only the following brief and conclusory allegation regarding unseaworthiness: "Hernandez proffers the expert testimony of Jacobsen that the unsecured equipment created an unsafe condition rendering the vessel unseaworthy, and a substantial factor in bringing about the injury to Hernandez."  Plaintiff's Motion at p. 7.  The Declaration of Captain Charles Jacobsen, (Dkt. 18), offers several theories about why the unsecured crab pot created an unseaworthy condition, including possible improper supervision, insufficient training, insufficient warnings, and the failure to enforce and establish procedures.  In addition to plaintiff's failure to articulate any of those theories in his memoranda, he has failed to factually support any of them.  For example, neither he nor Captain Jacobsen offered any evidence of how the crew was trained, the level of supervision and monitoring in effect on the day plaintiff was injured, or the length of time the crab pot was unsecured.

   Plaintiff's claim is also legally unsupported.  He does not cite to any factually similar cases in his memoranda.  If he is seeking to pursue a *res ipsa loquitur* theory, he has not shown that the theory applies to a claim of unseaworthiness, which is not based

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

on negligence. Furthermore, it is unclear from the scant record currently before the Court whether the incident was the result of momentary negligence by a crew member or something else. However, an "isolated, personal negligent act" by another crew member does not cause a ship to be unseaworthy. Usner, 400 U.S. at 500 (finding that the vessel was not unseaworthy when a winch operator negligently lowered a sling on plaintiff and knocked him to the deck); id. at 498 (stressing that unseaworthiness "is a *condition*") (emphasis in original). The Ninth Circuit has consistently rejected the concept of "instant unseaworthiness." See, e.g., Tim v. American President Lines, Ltd., 409 F.2d 385, 389 (9th Cir. 1969) ("We have held that liability attaches if an act leaves the vessel in an unsafe condition subsequently resulting in injury but does not if the act and resulting injury are simultaneous"). The record contains virtually no evidence regarding the circumstances and timing surrounding the accident and the failure to tie down the crab pot. Because it is not clear whether the accident occurred because of an unsafe condition or because of the isolated, personal negligent act of a coworker, summary judgment is not warranted.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for partial summary judgment (Dkt. #17). If warranted, either party may file a dispositive motion after the factual background has been developed.

DATED this 5th day of March, 2007.

*MRT S Lasnik*
Robert S. Lasnik
United States District Judge